# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **ACM 40088** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Travis R. MOBLEY** | ) | |
| **Senior Airman (E-4)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Special Panel** |

On 29 June 2021, Appellant filed his assignments of error and personally raised issues in the above-referenced case. On 19 July 2021, the Government filed its answer. On 21 December 2021, this court granted Appellant's motion for leave to file a supplemental assignment of error and accepted the brief on the supplemental assignment of error. The Government filed its answer on 20 January 2022.

None of the raised issues address whether the record of trial is incomplete or defective. For the reasons outlined below, we find the original record of trial docketed with our court is both incomplete and defective and it is necessary to return it for correction under the procedures in Rule for Courts-Martial (R.C.M.) 1112(d)(2).[1] Therefore, we defer addressing the raised issues.

The original record of trial contains audio recordings of court proceedings and a certified transcript for sessions of court on 15 March 2021. Judge Brian Mason presided over those sessions of court. However, it appears from our review of other parts of the transcript and other matters contained in the record of trial that a different judge, Judge Mark Milam, arraigned Appellant on 28 September 2020. At the 28 September 2020 arraignment, it appears that two appellate exhibits were marked. Appellate Exhibit I was a defense motion to

---

[1] All references in this order to the Uniform Code of Military Justice (UCMJ) and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

dismiss for a speedy trial violation under R.C.M. 707 and the Sixth Amendment.[2] Appellate Exhibit II was a defense motion for a unanimous verdict instruction.[3]

The record of trial cover sheets indicate that Appellant was tried on 15 March 2021. The cover sheets omit any reference to the 28 September 2020 arraignment. Furthermore, the disc containing the audio recordings of the proceedings does not contain a recording of the 28 September 2020 arraignment. Finally, the certified transcript does not include the 28 September 2020 arraignment.

We find the omission of the audio recording of the arraignment renders the record of trial incomplete. *See* R.C.M. 1112(d)(2) (stating a record of trial is complete if it complies with the requirements of R.C.M. 1112(b) which includes "a substantially verbatim recording of the court-martial proceedings except for sessions closed for deliberations and voting."). It is unclear whether a transcript of the arraignment was created pursuant to R.C.M. 1114. Assuming *arguendo* that a transcript of the arraignment was prepared, the court reporter erred by failing to attach it to the record of trial under R.C.M. 1112(f)(8) before the record was forwarded for appellate review.

Additionally, we find a defect in the record of trial regarding the disc containing the audio recordings of the proceedings. That disc contains files that are not related to Appellant's court-martial. Specifically, there is a file folder titled "Desktop Mar 2021" which appears to contain legal assistance materials, training materials, a performance appraisal, and files related to other courts-martial and preliminary hearings. At least one file is labeled "CUI" which we understand is the acronym for "Controlled Unclassified Information."[4] Inclusion of these matters on the disc of the audio recording of Appellant's proceedings renders that portion of the record of trial defective and necessitates corrective action.

Accordingly it is by the court on this 4th day of February, 2022,

**ORDERED:**

The record of trial is **RETURNED** to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d), to reconstruct the disc containing the audio recordings of the proceedings and the transcript of Appellant's

---

[2] U.S. CONST. amend. VI.

[3] The Government's responses to these motions are dated after 28 September 2020. They are also appellate exhibits in the record of trial.

[4] Department of Defense Instruction 5200.48, *Controlled Unclassified Information (CUI)* (6 Mar. 2020).

arraignment where Appellate Exhibit I and II were marked. *See* Article 66(g), UCMJ, 10 U.S.C. § 866(g); R.C.M. 1112(d)(2), (3). Thereafter, the record of trial will be returned to this court for completion of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court